UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Chapter 7 |
| U.S. EDGE, INC., | ) | Case No. 15-11833-FJB |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOSEPH G. BUTLER, Chapter 7 Trustee, | ) | |
| | ) | Adversary Proceeding |
| Plaintiff, | ) | No. 17-01067-FJB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL C. BAKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AFFIDAVIT OF MICHAEL J. FENCER

1.     I am an attorney admitted to the practice of law in, *inter alia*, the courts of the Commonwealth of Massachusetts and in this Court. I am a partner in the Bankruptcy & Restructuring, Litigation, and Construction Law Practice Groups of Casner & Edwards, LLP. I am special counsel in this adversary proceeding to the Plaintiff, Joseph G. Butler, Chapter 7 Trustee ("Trustee") of U.S. Edge, Inc. (the "Debtor"). In that capacity I am personally and fully familiar with, and, if called upon to do so, would be competent to testify to the facts and circumstances set forth herein.

2.     The Trustee and the Defendant have been engaged in settlement discussions concerning the Trustee's claims from the very outset of the Trustee's appointment in the Debtor's case and his substitution as Plaintiff. On April 24, 2018 the Trustee and I met with the Defendant in the courthouse after a status conference before the Court to discuss the formulation

of a discovery and pretrial schedule. During that meeting the Trustee indicated to the Defendant his willingness and preference to settle his claims against the Defendant, and made clear to the Defendant that he was open to working with him to find a settlement formulation that would allow the Trustee to monetize his claims, and allow the Defendant to end the litigation without the costs and risks of a trial. While that meeting did not produce a settlement, discussions continued.

3.        On June 5, 2018 Attorney Donald Lassman informed me that the Defendant had retained him to advise and assist the Defendant with the Trustee's claims against him. See June 5, 2018 Electronic Mail annexed as Exhibit 1. Attorney Lassman and I spoke sporadically about settlement while we communicated with our clients about proposals and counterproposals.

4.        In September 2018 the parties' settlement discussions took on a general structure that continued in all later discussions. On September 17, 2018 Attorney Lassman communicated the Defendant's proposal to settle the Trustee's claims for an initial payment and a later final payment. On September 19, 2018 I transmitted the Trustee's response to Attorney Lassman, which included a greater overall amount, and a greater initial payment, and a greater final payment. See Electronic Mail exchanges annexed as Exhibit 2. On October 6, 2018 Attorney Lassman responded with the Defendant's counterproposal. See October 6, 2018 Electronic Mail annexed as Exhibit 3.

5.        When settlement talks stalled, I again wrote Attorney Lassman with the Trustee's counterproposal and asked that he inquire of the Defendant if he would settle on the Trustee's terms. See February 28, 2019 Electronic Mail annexed as Exhibit 4. Shortly after that exchange, my interactions with Attorney Lassman for the Defendant ended.

6.      On March 5, 2019 the Defendant, after having been informed by Attorney Lassman that the Trustee's last settlement proposal was still open for acceptance, called me directly, and then wrote me directly on March 6, 2019 to ask that I call him "to discuss options." See Electronic Mail exchanges annexed as Exhibit 5.

7.      On March 6, 2019 I called the Defendant directly by telephone per his request. During that call, the Defendant stated that he wanted to settle the claims but that he had no funds to do so.  I repeated that the Trustee too preferred settlement, but that he needed to make a recovery because the Defendant has assets, such as his primary residence and a vacation home.  I opined that the amount of money the Defendant was offering was very low, and that he should consider selling his second home in New Hampshire, or at least offering that property as security to the Trustee for future settlement payments.   To my surprise when I made that suggestion, the Defendant responded that he would rather give the Trustee a mortgage on his primary residence in Westwood, Massachusetts for $65,000 and list that property for sale to pay the Trustee.  I then asked the Defendant if that was the offer that he wanted me to convey to the Trustee, to which he replied yes.  The Defendant did not put any time restriction for acceptance by the Trustee of that settlement offer.  I told the Defendant I would discuss the offer with the Trustee and let him know of his response.  On March 6, 2019 I emailed the Trustee to inform him of the terms of the Defendant's settlement offer.  See Electronic Mail exchanges annexed as Exhibit 5.

8.      After conducting some factual research concerning, *inter alia*, the possible value of and the encumbrances on the Defendant's Westwood property, the Trustee and I conferred, during which the Trustee informed me that he would agree, subject to Court approval, to settle his claims against the Defendant under the Defendant's proposed terms.   I informed the Defendant of the Trustee's acceptance on May 15, 2019.  See May 15, 2019 Electronic Mail

annexed as <u>Exhibit 6</u>.  At no time prior to the Trustee's acceptance did the Defendant withdraw his settlement offer, or place an earlier time for acceptance of that offer by the Trustee.  The Defendant has further never written in response to the Trustee's written acceptance.

9.    On May 28, 2019 I prepared the instruments needed to effectuate the parties' settlement agreement, *to wit*, a promissory note and a mortgage, and transmitted the same to the Defendant for review and comment.  <u>See</u> May 28, 2019 Electronic Mail and attachments annexed as <u>Exhibit 7</u>.  In that transmittal I again recited the material terms of the parties' settlement agreement, and asked that the Defendant execute and deliver those documents into escrow to be held pending Court approval.  As of the date hereof, the Defendant has never written in response to the Trustee's attached tender of documents to implement the parties' settlement agreement, nor has he executed or delivered the foregoing instruments.

10.    On May 28, 2019 I filed a report to the Court reporting the fact of the parties' settlement, and transmitted the same to the Defendant with a request that contact me so we could arrange for the documenting of the parties' settlement and presenting the same to the Court for approval.  On June 3, 2019 the Defendant informed me by telephone that he did offer and agree to settle the Trustee's claims for $65,000.00, but that he did *not* offer or agree to grant the Trustee a mortgage as security for the settlement payment to be made on the sale of the Westwood property.  I informed the Defendant that he was incorrect, and the Trustee had accepted his offer with security and that he was reserving all rights to enforce all terms of that settlement agreement.  The Defendant cut the call short, stating he would call me to discuss the matter further when he had more time, which he has never done.

Signed under pains and penalties of perjury this 2nd day of August 2019.

/s/ Michael J. Fencer

_____

Michael J. Fencer

**EXHIBIT 1**

**Fencer, Michael**

| | |
|---|---|
| **From:** | Don Lassman <don@lassmanlaw.com> |
| **Sent:** | Tuesday, June 05, 2018 10:35 AM |
| **To:** | Fencer, Michael |
| **Subject:** | Michael Baker |

I left you a message yesterday – I was calling about a matter you are handling for Trustee Joe Butler involving Michael Baker. Mr Baker has retained me to assist him and if you might give me a call, it would be most appreciated.

Thank you.


Donald R. Lassman, Esq.
POB 920385
Needham, MA  02492
781-455-8400
Don@LassmanLaw.com
www.lassmanlaw.com

**EXHIBIT 2**

## Fencer, Michael

| | |
|---|---|
| **From:** | Don Lassman <don@lassmanlaw.com> |
| **Sent:** | Thursday, September 20, 2018 10:14 AM |
| **To:** | Fencer, Michael |
| **Subject:** | FW: Butler vs. Baker - settlement offer - for settlement purposes only |

Thank you for your reply below.

I am leaving the office today at noon for vacation and do not return until October 2 and therefore would ask that you extend the response deadline to your offer to Friday October 5, 2018 so that my client and I have time to discuss the terms you have presented.

If you are unable to respond to this request for an extension of the response deadline by noon today, you have my authorization to contact Mr. Baker directly, who is copied on this email.

Thank you for your consideration.

---

**From:** Fencer, Michael [mailto:fencer@casneredwards.com]
**Sent:** Wednesday, September 19, 2018 10:02 AM
**To:** 'Don Lassman' <don@lassmanlaw.com>; 'jgb@jgbutlerlaw.com' <jgb@jgbutlerlaw.com>
**Subject:** RE: Butler vs. Baker - settlement offer - for settlement purposes only

Don:
I  caught up with the trustee yesterday and discussed the offer below.  The trustee does not believe the total amount of that offer reflects a reasonable settlement offer, although he is amenable to the structure.

The trustee proposes to settle the claims, and the vehicle issues as follows:

1)      Mr. Baker would pay the trustee $25,000 upon execution of the settlement stipulation to be held in escrow pending approval of the settlement;

2)      The Trustee would abandon the vehicles to the debtor upon the court approving the settlement;

3)      Mr. Baker would pay the Trustee another $75,000 on or before April 30, 2019, after which the Trustee will dismiss the adversary proceeding with prejudice.

4)      The settlement agreement would also include mutual releases of all claims.

I can leave this offer open for acceptance in writing until 5:00 p.m. on September 30, 2018.  Mr. Baker should know that this is the Trustee's best and final offer to Mr. Baker to resolve these claims.

Thank you, and I look forward to hearing from you.

Michael

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Michael J. Fencer

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

**Main:** 617-426-5900
**Mobile:** 617-256-6736
**Fax:** 617-426-8810
**Email:** fencer@casneredwards.com
**Web:** casneredwards.com
**Loopup Conference Call Line/Access Code:**  877-746-4263/2590488#

**Follow me on Twitter, and Network with me on LinkedIn**

---

**From:** Don Lassman [mailto:don@lassmanlaw.com]
**Sent:** Monday, September 17, 2018 4:54 PM
**To:** Fencer, Michael; jgb@jgbutlerlaw.com
**Subject:** Butler vs. Baker - settlement offer - for settlement purposes only

Since I have not heard back from you since I transmitted my client's settlement proposal to you in June, the timing of the offer must change but the substance is still the same.

My client is prepared to pay the sum of $65,000.00 in full satisfaction of all sums due and owing the Trustee.  $10,000 will be paid when the settlement documents are signed and the balance on or before April 30, 2019.  In addition, the motor vehicles owned by the Debtor will be abandoned to, or sold to, my client as part of the settlement.

**This offer will expire if not accepted by 5 pm on September 18, 2018**

Please advise if this is acceptable.

Thank you.

Donald R. Lassman, Esq.
POB 920385
Needham, MA  02492
781-455-8400
Don@LassmanLaw.com
www.lassmanlaw.com

This communication is intended only for the use of the individual or entity named as the addressee.  It may contain information which is privileged and/or confidential under applicable law.  If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify the sender by electronic mail or call 617-426-5900. Thank you for your cooperation.

**Fencer, Michael**

| | |
|---|---|
| **From:** | Don Lassman <don@lassmanlaw.com> |
| **Sent:** | Saturday, October 06, 2018 11:50 AM |
| **To:** | Fencer, Michael |
| **Subject:** | reply to Trustee offer |

Thank you for the counteroffer below.  My client does not have access to the funds that the Trustee is seeking.  My client remains willing and able to pay the total sum of $65,000.00 in full satisfaction of all sums due and owing the Trustee.
$10,000 will be paid when the settlement documents are signed and, upon full payment of $10,000, all liens held by the Trustee are to be removed from the Debtor's home in Westwood.  The balance of $55,000.00 will be paid in three equal monthly payments as follows:  April 30, 2019, July 30, 2019, and October 30, 2019.  In addition, the motor vehicles owned by the Debtor will be abandoned to, or sold to, my client as part of the settlement.

Please advise if this payment arrangement is acceptable.  Thank you.


Donald R. Lassman, Esq.
POB 920385
Needham, MA  02492
781-455-8400
Don@LassmanLaw.com
www.lassmanlaw.com

From: Fencer, Michael [mailto:fencer@casneredwards.com]
Sent: Wednesday, September 19, 2018 10:02 AM
To: 'Don Lassman' <don@lassmanlaw.com<mailto:don@lassmanlaw.com>>;
'jgb@jgbutlerlaw.com<mailto:jgb@jgbutlerlaw.com>'
<jgb@jgbutlerlaw.com<mailto:jgb@jgbutlerlaw.com>>
Subject: RE: Butler vs. Baker - settlement offer - for settlement purposes only

Don:
I  caught up with the trustee yesterday and discussed the offer below.  The trustee does not believe the total amount of that offer reflects a reasonable settlement offer, although he is amenable to the structure.

The trustee proposes to settle the claims, and the vehicle issues as
follows:

1)      Mr. Baker would pay the trustee $25,000 upon execution of the
settlement stipulation to be held in escrow pending approval of the settlement;

2)      The Trustee would abandon the vehicles to the debtor upon the court
approving the settlement;

3)      Mr. Baker would pay the Trustee another $75,000 on or before April
30, 2019, after which the Trustee will dismiss the adversary proceeding with prejudice.

4)      The settlement agreement would also include mutual releases of all

**EXHIBIT 3**

claims.

I can leave this offer open for acceptance in writing until 5:00 p.m. on September 30, 2018.  Mr. Baker should know that this is the Trustee's best and final offer to Mr. Baker to resolve these claims.

Thank you, and I look forward to hearing from you.

Michael

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Michael J. Fencer

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

Main: 617-426-5900
Mobile: 617-256-6736
Fax: 617-426-8810
Email: fencer@casneredwards.com<mailto:fencer@casneredwards.com>
Web: casneredwards.com<http://www.casneredwards.com/>
Loopup Conference Call Line/Access Code:  877-746-4263/2590488#

Follow me on Twitter<http://www.twitter.com/mjfencer>, and Network with me on LinkedIn<https://www.linkedin.com/in/michael-j-fencer>

**Fencer, Michael**

| | |
|---|---|
| **From:** | Fencer, Michael |
| **Sent:** | Thursday, February 28, 2019 3:10 PM |
| **To:** | 'Don Lassman' |
| **Subject:** | RE: reply to Trustee offer |

Don -- take one last swing at this if you would, with an acceptance deadline of Monday. If he accepts, I will move to continue PT dates and we can document the settlement and seek court approval.  Otherwise I will circulate the pretrial memo draft to Mr. Baker on Tuesday.

If you have begged off this intermediary role, let me know, and I will communicate (or attempt to communicate) with Mr. Baker directly.

Thanks, -M.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Michael J. Fencer

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

Main: 617-426-5900
Mobile: 617-256-6736
Fax: 617-426-8810
Email: fencer@casneredwards.com
Web: casneredwards.com
Loopup Conference Call Line/Access Code:  877-746-4263/2590488#

Follow me on Twitter, and Network with me on LinkedIn


-----Original Message-----
From: Fencer, Michael
Sent: Thursday, December 06, 2018 11:46 AM
To: 'Don Lassman'
Subject: RE: reply to Trustee offer

Don - I spoke with Joe.  We can settle this case under terms below but with a $20,000 first payment and terms on the $45,000 balance.

Mr. Baker to provide draft settlement agreement.

Please let me know.  -M.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Michael J. Fencer

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

**EXHIBIT 4**

Main: 617-426-5900
Mobile: 617-256-6736
Fax: 617-426-8810
Email: fencer@casneredwards.com
Web: casneredwards.com
Loopup Conference Call Line/Access Code:  877-746-4263/2590488#

Follow me on Twitter, and Network with me on LinkedIn

-----Original Message-----
From: Don Lassman [mailto:don@lassmanlaw.com]
Sent: Thursday, October 18, 2018 1:39 PM
To: Fencer, Michael
Subject: RE: reply to Trustee offer

May I please have a reply to the email below.  thank you

Donald R. Lassman, Esq.
POB 920385
Needham, MA  02492
781-455-8400
Don@LassmanLaw.com
www.lassmanlaw.com

-----Original Message-----
From: Don Lassman [mailto:don@lassmanlaw.com]
Sent: Saturday, October 06, 2018 11:50 AM
To: 'Fencer, Michael' <fencer@casneredwards.com>
Subject: reply to Trustee offer

        Thank you for the counteroffer below.  My client does not have access to the funds
that the Trustee is seeking.  My client remains willing and able to pay the total sum of
$65,000.00 in full satisfaction of all sums due and owing the Trustee.
$10,000 will be paid when the settlement documents are signed and, upon full payment
of $10,000, all liens held by the Trustee are to be removed from the Debtor's home in
Westwood.  The balance of $55,000.00 will be paid in three equal monthly payments as
follows:  April 30, 2019, July 30, 2019, and October 30, 2019.  In addition, the motor
vehicles owned by the Debtor will be abandoned to, or sold to, my client as part of the
settlement.

        Please advise if this payment arrangement is acceptable.  Thank you.

Donald R. Lassman, Esq.
POB 920385
Needham, MA  02492
781-455-8400
Don@LassmanLaw.com

www.lassmanlaw.com

From: Fencer, Michael [mailto:fencer@casneredwards.com]
Sent: Wednesday, September 19, 2018 10:02 AM
To: 'Don Lassman' <don@lassmanlaw.com<mailto:don@lassmanlaw.com>>;
'jgb@jgbutlerlaw.com<mailto:jgb@jgbutlerlaw.com>'
<jgb@jgbutlerlaw.com<mailto:jgb@jgbutlerlaw.com>>
Subject: RE: Butler vs. Baker - settlement offer - for settlement purposes only

Don:
I  caught up with the trustee yesterday and discussed the offer below.  The trustee does
not believe the total amount of that offer reflects a reasonable settlement offer, although
he is amenable to the structure.

The trustee proposes to settle the claims, and the vehicle issues as
follows:

1)      Mr. Baker would pay the trustee $25,000 upon execution of the
settlement stipulation to be held in escrow pending approval of the settlement;

2)      The Trustee would abandon the vehicles to the debtor upon the court
approving the settlement;

3)      Mr. Baker would pay the Trustee another $75,000 on or before April
30, 2019, after which the Trustee will dismiss the adversary proceeding with prejudice.

4)      The settlement agreement would also include mutual releases of all
claims.

I can leave this offer open for acceptance in writing until 5:00 p.m. on September 30,
2018.  Mr. Baker should know that this is the Trustee's best and final offer to Mr. Baker
to resolve these claims.

Thank you, and I look forward to hearing from you.

Michael

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Michael J. Fencer

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

Main: 617-426-5900
Mobile: 617-256-6736
Fax: 617-426-8810
Email: fencer@casneredwards.com<mailto:fencer@casneredwards.com>
Web: casneredwards.com<http://www.casneredwards.com/>
Loopup Conference Call Line/Access Code:  877-746-4263/2590488#

Follow me on Twitter<http://www.twitter.com/mjfencer>, and Network with me on
LinkedIn<https://www.linkedin.com/in/michael-j-fencer>

**Fencer, Michael**

| | |
|---|---|
| **From:** | Fencer, Michael |
| **Sent:** | Wednesday, March 06, 2019 3:20 PM |
| **To:** | 'Joseph G. Butler - Law Office of Joseph G. Butler (JGB@JGButlerLaw.com)' |
| **Subject:** | RE: [External]Re: reply to Trustee offer |

Joe:

I spoke with Mike Baker, and he tells me that he has no money, but would like to settle.

I suggested to him that he give you mortgage on his NH property for $65,000 and list it for sale, and that you could get settlement funds from the closing.

Remarkably, he said he would rather sell his home in Westwood, so I asked if he wanted me to propose that he give you a mortgage on that property for $65,000 and list it for sale, and he said that was what he wants to offer.



. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Michael J. Fencer

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

Main: 617-426-5900
Mobile: 617-256-6736
Fax: 617-426-8810
Email: fencer@casneredwards.com
Web: casneredwards.com
Loopup Conference Call Line/Access Code:  877-746-4263/2590488#

Follow me on Twitter, and Network with me on LinkedIn

1

-----Original Message-----
From: Michael Baker [mailto:michaelbkr69@gmail.com]
Sent: Wednesday, March 06, 2019 12:12 PM
To: Don Lassman
Cc: Fencer, Michael
Subject: [External]Re: reply to Trustee offer

Hi Mike, I left you a message yesterday to discuss options. Please call me back when you can.

Thanks,
Mike Baker
617-908-0263

Sent from my iPhone

> On Mar 1, 2019, at 9:58 AM, Don Lassman <don@lassmanlaw.com> wrote:
>
> See below from Attorney Fencer asking one last time about settlement -
> $20,000 up front and $45,000 over time.  Unless I hear from you to the
> contrary by 5 pm today, Friday march 1, 2019, I will assume this
> settlement proposal remains beyond your reach and will not respond to
> Fencer. Thank you
>
>
> Donald R. Lassman, Esq.
> P.O.B. 920385
> Needham, MA  02492
> 781.455.8400 (phone and fax)
> Don@LassmanLaw.com
>
>
> -----Original Message-----
> From: Fencer, Michael [mailto:fencer@casneredwards.com]
> Sent: Thursday, February 28, 2019 3:10 PM
> To: 'Don Lassman' <don@lassmanlaw.com>
> Subject: RE: reply to Trustee offer
>
> Don -- take one last swing at this if you would, with an acceptance
> deadline of Monday.  If he accepts, I will move to continue PT dates
> and we can document the settlement and seek court approval.  Otherwise
> I will circulate the pretrial memo draft to Mr. Baker on Tuesday.
>
> If you have begged off this intermediary role, let me know, and I will
> communicate (or attempt to communicate) with Mr. Baker directly.
>
> Thanks, -M.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> Michael J. Fencer
>
> Casner & Edwards, LLP

> 303 Congress Street
> Boston, Massachusetts 02210
>
> Main: 617-426-5900
> Mobile: 617-256-6736
> Fax: 617-426-8810
> Email: fencer@casneredwards.com
> Web: casneredwards.com
> Loopup Conference Call Line/Access Code:  877-746-4263/2590488#
>
> Follow me on Twitter, and Network with me on LinkedIn
>
>
> -----Original Message-----
> From: Fencer, Michael
> Sent: Thursday, December 06, 2018 11:46 AM
> To: 'Don Lassman'
> Subject: RE: reply to Trustee offer
>
> Don - I spoke with Joe.  We can settle this case under terms below but
> with a $20,000 first payment and terms on the $45,000 balance.
>
> Mr. Baker to provide draft settlement agreement.
>
> Please let me know.  -M.
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> Michael J. Fencer
>
> Casner & Edwards, LLP
> 303 Congress Street
> Boston, Massachusetts 02210
>
> Main: 617-426-5900
> Mobile: 617-256-6736
> Fax: 617-426-8810
> Email: fencer@casneredwards.com
> Web: casneredwards.com
> Loopup Conference Call Line/Access Code:  877-746-4263/2590488#
>
> Follow me on Twitter, and Network with me on LinkedIn
>
> -----Original Message-----
> From: Don Lassman [mailto:don@lassmanlaw.com]
> Sent: Thursday, October 18, 2018 1:39 PM
> To: Fencer, Michael
> Subject: RE: reply to Trustee offer
>
> May I please have a reply to the email below.  thank you
>
>
>
>
> Donald R. Lassman, Esq.

> POB 920385
> Needham, MA  02492
> 781-455-8400
> Don@LassmanLaw.com
> www.lassmanlaw.com
>
>
> -----Original Message-----
> From: Don Lassman [mailto:don@lassmanlaw.com]
> Sent: Saturday, October 06, 2018 11:50 AM
> To: 'Fencer, Michael' <fencer@casneredwards.com>
> Subject: reply to Trustee offer
>
>        Thank you for the counteroffer below.  My client does not have
> access to the funds that the Trustee is seeking.  My client remains
> willing and able to pay the total sum of $65,000.00 in full
> satisfaction of all sums due and owing the Trustee.
> $10,000 will be paid when the settlement documents are signed and,
> upon full payment of $10,000, all liens held by the Trustee are to be
> removed from the Debtor's home in Westwood.  The balance of $55,000.00
> will be paid in three equal monthly payments as follows:  April 30,
> 2019, July 30, 2019, and October 30, 2019.  In addition, the motor
> vehicles owned by the Debtor will be abandoned to, or sold to, my client as part of the
settlement.
>
>        Please advise if this payment arrangement is acceptable.  Thank you.
>
>
> Donald R. Lassman, Esq.
> POB 920385
> Needham, MA  02492
> 781-455-8400
> Don@LassmanLaw.com
> www.lassmanlaw.com
>
> From: Fencer, Michael [mailto:fencer@casneredwards.com]
> Sent: Wednesday, September 19, 2018 10:02 AM
> To: 'Don Lassman' <don@lassmanlaw.com<mailto:don@lassmanlaw.com>>;
> 'jgb@jgbutlerlaw.com<mailto:jgb@jgbutlerlaw.com>'
> <jgb@jgbutlerlaw.com<mailto:jgb@jgbutlerlaw.com>>
> Subject: RE: Butler vs. Baker - settlement offer - for settlement
> purposes only
>
> Don:
> I  caught up with the trustee yesterday and discussed the offer below.
> The trustee does not believe the total amount of that offer reflects a
> reasonable settlement offer, although he is amenable to the structure.
>
> The trustee proposes to settle the claims, and the vehicle issues as
> follows:
>
> 1)       Mr. Baker would pay the trustee $25,000 upon execution of the
> settlement stipulation to be held in escrow pending approval of the

> settlement;
>
> 2)     The Trustee would abandon the vehicles to the debtor upon the court
> approving the settlement;
>
> 3)     Mr. Baker would pay the Trustee another $75,000 on or before April
> 30, 2019, after which the Trustee will dismiss the adversary
> proceeding with prejudice.
>
> 4)     The settlement agreement would also include mutual releases of all
> claims.
>
> I can leave this offer open for acceptance in writing until 5:00 p.m.
> on September 30, 2018.  Mr. Baker should know that this is the
> Trustee's best and final offer to Mr. Baker to resolve these claims.
>
> Thank you, and I look forward to hearing from you.
>
> Michael
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> Michael J. Fencer
>
> Casner & Edwards, LLP
> 303 Congress Street
> Boston, Massachusetts 02210
>
> Main: 617-426-5900
> Mobile: 617-256-6736
> Fax: 617-426-8810
> Email: fencer@casneredwards.com<mailto:fencer@casneredwards.com>
> Web: casneredwards.com<http://www.casneredwards.com/>
> Loopup Conference Call Line/Access Code:  877-746-4263/2590488#
>
> Follow me on Twitter<http://www.twitter.com/mjfencer>, and Network
> with me on LinkedIn<https://www.linkedin.com/in/michael-j-fencer>
>
>
>
>
> This communication is intended only for the use of the individual or
> entity named as the addressee.  It may contain information which is
> privileged and/or confidential under applicable law.  If you are not
> the intended recipient or such recipient's employee or agent, you are
> hereby notified that any dissemination, copy or disclosure of this
> communication is strictly prohibited.  If you have received this
> communication in error, please immediately notify the sender by
> electronic mail or call 617-426-5900. Thank you for your cooperation.
>

**Fencer, Michael**

| | |
|---|---|
| **From:** | Fencer, Michael |
| **Sent:** | Wednesday, May 15, 2019 2:37 PM |
| **To:** | 'Michael Baker' |
| **Subject:** | Butler v. Baker |

Mike:

Further to our call of March 6, 2019, the trustee has agreed to accept your offer to settle the adversary proceeding for $65,000, which will be memorialized in a promissory note and a mortgage on your Westwood property as you stated you preferred over the New Hampshire property.  Assuming you still want to settle the case in this manner, I am preparing the paperwork so we can get that signed after which we can file this with the court for approval. The settlement would also include a release to you, releasing all claims other than that for the promissory note you will give in settlement, and which release after being approved by the court will be binding on the estate and all creditors of US Edge.

Please let me know if you want to discuss, and when you are available to come and sign the necessary papers.

Michael

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Michael J. Fencer**

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

**Main:** 617-426-5900
**Mobile:** 617-256-6736
**Fax:** 617-426-8810
**Email:** fencer@casneredwards.com
**Web:** casneredwards.com
**Loopup Conference Call Line/Access Code:**  877-746-4263/2590488#

**Follow me on Twitter, and Network with me on LinkedIn**

**Fencer, Michael**

| | |
|---|---|
| **From:** | Fencer, Michael |
| **Sent:** | Tuesday, May 28, 2019 10:06 AM |
| **To:** | 'Michael Baker' |
| **Subject:** | Butler v. Baker -- SETTLEMENT DOCUMENTS |
| **Attachments:** | Baker Mortgage.DOCX; Promissory Note.DOCX |

Michael:

Further to our telephone call of March 6, 2019 on which you offered to settle the AP for a promissory note in the amount of $65,000 secured by a mortgage on your home in Westwood, and my subsequent electronic mail to you of the trustee's acceptance, attached for execution and delivery into escrow are the instruments required to effectuate that settlement.  I ask that you sign the same before a notary and return them to my office so that we may have this settlement submitted to the bankruptcy court for approval.

I will be reporting the matter as settled on these terms to the bankruptcy court today.

I look forward to hearing from you.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Michael J. Fencer**

Casner & Edwards, LLP
303 Congress Street
Boston, Massachusetts 02210

**Main:** 617-426-5900
**Mobile:** 617-256-6736
**Fax:** 617-426-8810
**Email:** fencer@casneredwards.com
**Web:** casneredwards.com
**Loopup Conference Call Line/Access Code:**  877-746-4263/2590488#

**Follow me on Twitter, and Network with me on LinkedIn**

# PROMISSORY NOTE

$65,000.00                                                          May ___, 2019
                                                                   Boston, Massachusetts

     FOR VALUE RECEIVED, the undersigned ("Maker") promises to pay to Joseph G. Butler, in his capacity as Chapter 7 Trustee of U.S. Edge, Inc., with a principal place of business at 355 Providence Highway, Westwood, Massachusetts 02090 ("Holder"), or order, the principal sum of Sixty-Five Thousand Dollars ($65,000.00), together with interest accruing on the principal sum of this Note upon and after the occurrence of an Event of Default, as defined herein, and all other fees, charges, costs, and expenses as hereafter provided.

     Unless and until the occurrence of an Event of Default, as defined herein, the unpaid principal balance of this Note outstanding from time to time shall not bear interest, *provided, however*, that upon and after the occurrence of an Event of Default, as defined herein, the unpaid principal balance of this Note outstanding from time to time shall bear interest at the rate of eighteen percent (18%) per annum, computed on the basis of 360 days per year, until all amounts due hereunder are indefeasibly paid in full.

     All unpaid principal and interest, and all fees, charges, costs, and expenses due hereunder, shall be immediately due and payable, and shall be unconditionally paid, without notice or demand, and without regard to, and despite the actual or alleged existence of any claims, counterclaims, causes of action, rights of setoff, rights of recoupment, and/or any defenses to payment of or asserted by Maker, at and on the later of (i) the sale or other disposition of Maker's real property located at 27 Wentworth Street, Westwood, Massachusetts 02090 (the "Mortgaged Property"), and (ii) 12:00 p.m., prevailing eastern time, on May 1, 2020 (the "Outside Maturity Date").

     All payments shall first be applied to any fees, charges, costs, or expenses then owed to Holder by Maker, second to any interest then due, with the balance remaining applied to principal. Notwithstanding any provision contained herein, the maximum amount of interest and other charges in the nature thereof contracted for, or payable hereunder or thereunder, shall not exceed the maximum amount that may be lawfully contracted for, charged and received in this transaction, all as determined by the final judgment of a court of competent jurisdiction, including all appeals therefrom.

     In addition to any other term of this Note, all unpaid principal and interest, and all fees, charges, costs, and expenses due hereunder shall, at the option of Holder, be accelerated and become immediately due and payable, without notice or demand, upon the occurrence of any of the following events (each an "Event of Default"):

1.      the failure of Maker to list the Mortgaged Property for sale on or before June 1, 2019 with, and at a price recommended by a qualified real estate broker with experience selling properties of like character, quality, and use as, and in the geographic area of the Mortgaged Property;

2.      the failure of Maker to promptly consider bona fide offers for the purchase of the Mortgaged Property, and/or to diligently negotiate with such offerors in good faith to achieve the closing of a sale of the Mortgaged Property by Maker prior to the Outside Maturity Date;

3.      the failure to fully and timely make any payment herein required;

4.      the appointment of a receiver or conservator of the property of any Maker;

5.      the making of an assignment for the benefit of creditors, trust mortgage, or composition with creditors or other arrangement of similar import by any Maker;

6.      the commencement of any voluntary proceedings by Maker under any bankruptcy or insolvency law, now or hereafter enacted; and/or

7.      the commencement of any involuntary proceedings by or against any Maker under any bankruptcy or insolvency laws now or hereafter enacted that are not discharged within sixty (60) days after the filing thereof.

Maker agrees to pay to or on behalf of Holder, at Holders' election and immediately upon demand, all fees, charges, costs, and expenses of or incurred by Holder, including, without limitation, all attorneys' fees and expenses, incurred in connection with the collection of this Note and the indebtedness evidenced hereby.  All such fees, charges, costs, and expenses, including, without limitation, all attorneys' fees and expenses, demanded by Holder but that are unpaid by Maker, shall be principal that shall bear interest as provided for by this Note.

MAKER ACKNOWLEDGES AND AGREES HE HOLDS NO ACTUAL OR ALLEGED CLAIMS, COUNTERCLAIMS, CAUSES OF ACTION, RIGHTS OF SETOFF, OR RIGHTS OF RECOUPMENT AGAINST HOLDER, NOR DOES MAKER HOLD ANY DEFENSES TO PAYMENT OF THIS NOTE.  MAKER FURTHER ACKNOWLEDGES AND AGREES THAT TO THE EXTENT HE DOES NOW, OR SHALL EVER IN THE FUTURE HOLD ANY ACTUAL OR ALLEGED CLAIMS, COUNTERCLAIMS, CAUSES OF ACTION, RIGHTS OF SETOFF, OR RIGHTS OF RECOUPMENT AGAINST MAKER, OR ANY DEFENSES TO PAYMENT OF THIS NOTE, ALL SUCH CLAIMS, CAUSES OF ACTION, RIGHTS, AND DEFENSES ARE HEREBY AND FOREVER WAIVED AND RELEASED IN THEIR ENTIRETY FOR

2

EXHIBIT 7

ANY AND ALL PURPOSES WHATSOEVER.  MAKER HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION BROUGHT BY HOLDER TO ENFORCE THE TERMS OF OR THE COLLECTION OF THIS NOTE.

Maker further: (a) waives presentment, demand, and protest; (b) waives any defenses based upon and specifically assents to any and all extensions and postponements of the time for payment, changes in terms and conditions and all other indulgences and forbearances that may be granted by Holder to any party now or hereafter liable hereunder; (c) agrees to any substitution, exchange, release, surrender or other delivery of any collateral now or hereafter held hereunder and to the addition or release of any other party or person primarily or secondarily liable; and (d) agrees for himself and his successors and assigns to be bound by all of the terms contained in this Note.  All rights and obligations hereunder shall be governed by the laws of the Commonwealth of Massachusetts.  This Note is executed as, and shall have the effect of, a sealed instrument.

No delay or omission on the part of Holder in exercising any right hereunder (or any right under any instrument or agreement executed in connection herewith or which is given or may be given to secure the indebtedness evidenced hereby) shall operate as a waiver of such right, or of any other right, of such Holder, nor shall any delay, omission or waiver on any one occasion be deemed to be a bar to, or waiver of, the same or of any other right on any future occasion.

All payments due hereunder shall be made to the payee c/o The Law Offices of Joseph G. Butler, 355 Providence Highway, Westwood, Massachusetts 02090, or at such other place as Holder hereof may designate from time to time in writing.

WITNESS the hand and seal of the undersigned on the day and year first above written.

By: _____

_____
Name:                                                    Michael C. Baker
Witness

3

**EXHIBIT 7**

## MORTGAGE

Michael C. Baker, with a notice address of 27 Wentworth Street, Westwood, Massachusetts 02090 (the "Mortgagor"), for good and valuable consideration received, hereby grants to Joseph G. Butler, in his capacity as Chapter 7 Trustee of U.S. Edge, Inc., with a notice address of 355 Providence Highway, Westwood, Massachusetts 02090 (the "Mortgagee"), a mortgage with MORTGAGE COVENANTS, to secure the payment of the obligations of the Mortgagor under the Note (hereinafter defined), in and to the real property known as and numbered 27 Wentworth Street, Westwood (Norfolk County), Massachusetts, with all improvements now or hereafter situated thereon, as more particularly described on Exhibit A attached hereto (the "Mortgaged Property").

This Mortgage from Mortgagor to Mortgagee is granted to secure the prompt, full, timely, and complete payment and performance of each and all of the past, present, and future obligations and undertakings of Mortgagor under a certain *Promissory Note* made by Mortgagor in favor of Mortgagee and dated May _____, 2019 in the original principal amount of $65,000.00 (the "Note").

It shall be an event of default under this Mortgage immediately upon the occurrence of an Event of Default as that term is defined in the Note, at which time the Mortgagee shall have the full and immediate right to exercise any and all rights and remedies hereunder, including, without limitation, the Statutory Power of Sale as hereinafter provided.  The failure at any time of Mortgagee to exercise this option shall not constitute a waiver of the right to exercise the right at any other time.

This Mortgage is upon the STATUTORY CONDITION and upon further condition that all covenants on the part of the Mortgagor herein contained shall be kept fully performed, for any breach of which conditions the Mortgagee shall have the STATUTORY POWER OF SALE.

Executed as a sealed instrument this ___ day of May, 2019.


_____
Michael C. Baker

Property Address: 27 Wentworth Street, Westwood, Massachusetts

## COMMONWEALTH OF MASSACHUSETTS

COUNTY OF _____

      On this ____ day of May, 2019, before me, the undersigned notary public, personally appeared Michael C. Baker, proved to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on the preceding or attached document and acknowledged to me that he signed it voluntarily for its stated purpose.


_____
Notary Public
My Commission Expires:

## EXHIBIT A

### Description of Mortgaged Property

A certain parcel of land with the buildings thereon situated in Westwood, Norfolk County, Massachusetts, and being shown as Lot 42 on a plan entitled, "Plan of Land of William O. Curtis, Washington Street, Westwood, showing subdivision into Lots" dated April 28, 1910, E. Worthington Engr., recorded with Norfolk Deeds as Plan No. 2632, Plan 55 bounded and described as follows:

Northeasterly by Wentworth Street, one hundred eleven and 75/100 (111.75) feet;
Southeasterly by Lot 40, as shown on said plan, one hundred sixteen and 95/100 (116.95) feet;
Southwesterly by land now or formerly of Wesley Biggs, as shown on said plan, seventy and 55/100 (70.55) feet;
Westerly by land now or formerly of Royal A. Pettigrew, as shown on said plan, one hundred and 3/10 (100.3) feet.

Subject to a taking by the Town of Westwood recorded in Book 2745, Page 260.

Being the same premises conveyed to the herein named mortgagor by deed recorded with Norfolk County Registry of Deeds at Book 27800 Page 120.

**Fencer, Michael**

| | |
|---|---|
| **From:** | Fencer, Michael |
| **Sent:** | Tuesday, May 28, 2019 12:33 PM |
| **To:** | 'Michael Baker' |
| **Subject:** | FW: Ch- fjb 17-01067 Response;  Butler v. Baker |
| **Attachments:** | 60 - Response to Order to Show Cause.pdf |

Mr. Baker – please see attached which was filed with the bankruptcy court today.  Please contact me so that we can wrap up this settlement.

Regards,
Michael Fencer

**From:** DO_NOT_REPLY@mab.uscourts.gov [mailto:DO_NOT_REPLY@mab.uscourts.gov]
**Sent:** Tuesday, May 28, 2019 12:29 PM
**To:** help@mab.uscourts.gov
**Subject:** Ch- fjb 17-01067 Response; Butler v. Baker

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

### United States Bankruptcy Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from David Koha entered on 5/28/2019 at 12:29 PM EDT and filed on 5/28/2019
**Case Name:**       Butler v. Baker
**Case Number:**       17-01067
**Document Number:** 60

**Docket Text:**
Response with certificate of service filed by Plaintiff Joseph G. Butler Re: [58] Order to Show Cause dated 5/15/2019 Re: [57] Order dated 3/7/2019. ORDER TO SHOW CAUSE WHY ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED FOR NONPROSECUTION: THE PARTIES HAVING BEEN ORDERED TO FILE A JOINT PRETRIAL MEMORANDUM ON OR BEFORE MAY 7, 2019; AND BOTH PARTIES HAVING FAILED TO FILE EITHER A JOINT PRETRIAL MEMORANDUM OR, IN LIEU OF A JOINT MEMORANDUM, SEPARATE PRETRIAL MEMORANDA; AND THE PLAINTIFF BEARING THE BURDEN OF PROOF AS TO THE RELIEF SOUGHT IN THE COMPLAINT, THE PLAINTIFF IS HEREBY ORDERED TO SHOW CAUSE IN WRITING WHY THIS ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE. RESPONSES TO THIS ORDER SHALL BE FILED ON OR BEFORE MAY 29, 2019. (jreg) (Koha, David)

The following document(s) are associated with this transaction:

**EXHIBIT 8**

**Document description:**Main Document
**Original filename:**Baker - response to order to show cause.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1021399670 [Date=5/28/2019] [FileNumber=28751950-0] [56450f728eb56b36c935e5fe318e20be314218a9e8703fabb962f46da372f6306d 27c2a69730df86f5c00d95b83e07c0e489e29433e2e4ea15673ceeee687242]]


**17-01067 Notice will be electronically mailed to:**

Joseph G. Butler
JGBBarron@yahoo.com, MA41@ecfcbis.com

Paul W. Carey on behalf of Creditor Santander Bank, N.A.
pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com

Michael J. Fencer on behalf of Plaintiff Joseph G. Butler
fencer@casneredwards.com

David Koha on behalf of Plaintiff Joseph G. Butler
koha@casneredwards.com, luo@casneredwards.com

**17-01067 Notice will not be electronically mailed to:**

Michael C Baker
27 Wentworth Street
Westwood, MA 02029

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|                                          |     |                          |
|------------------------------------------|-----|--------------------------|
| In re                                    | )   |                          |
|                                          | )   |                          |
|                                          | )   | Chapter 7                |
| U.S. EDGE, INC.,                         | )   | Case No. 15-11833-FJB    |
|                                          | )   |                          |
| Debtor.                                  | )   |                          |
|                                          | )   |                          |
|                                          | )   |                          |
| JOSEPH G. BUTLER, Chapter 7 Trustee,     | )   |                          |
|                                          | )   | Adversary Proceeding     |
| Plaintiff,                               | )   | No. 17-01067-FJB         |
|                                          | )   |                          |
| v.                                       | )   |                          |
|                                          | )   |                          |
| MICHAEL C. BAKER,                        | )   |                          |
|                                          | )   |                          |
| Defendant.                               | )   |                          |
|                                          | )   |                          |

### RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiff, Joseph G. Butler, Chapter 7 Trustee of U.S. Edge, Inc. ("Trustee") hereby responds to the Order to Show Cause entered on May 15, 2019 [Doc. 58] ("Order"), requiring the Trustee to show cause why this adversary proceeding should not be dismissed for failure to prosecute. In support hereof, the Trustee states as follows:

1.      On May 23, 2018, the Court entered an order setting the discovery and pretrial deadlines in this case.

2.      On March 6, 2019, the Defendant made an offer of settlement to the Trustee, proposing that the Defendant would grant the Trustee a mortgage on his property in Westwood, Massachusetts in the amount of $65,000 and list the property for sale. The Defendant put no restriction on the time by which the Trustee must accept his offer of settlement.

**EXHIBIT 8**

3.      On March 7, 2019, the Trustee filed an emergency motion to extend the deadline to file the Joint Pretrial Memorandum in order to permit the Trustee to consider the offer.  The Court granted the motion, extending the deadline to file the Joint Pretrial Memorandum to May 7, 2019.

4.      The Trustee has since evaluated and accepted the Defendant's settlement offer.

5.      Since the Trustee's acceptance of the Defendant's offer, counsel to the Trustee prepared the instruments needed to effectuate the settlement, *to wit*, a promissory note and a mortgage. As of the date hereof, the Defendant has not responded to the Trustee's counsel, nor has he executed or delivered the foregoing instruments to the Trustee's counsel.

6.      In the event that the Defendant does not execute and deliver the settlement instruments on or before June 3, 2019, the Trustee intends to file a motion with this Court enforcing the settlement offered by the Defendant and accepted by the Trustee.

7.      The Trustee respectfully requests that the Court release the Order to Show Cause.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (1) releasing the Order to Show Cause and (2) granting such other and further relief as is equitable and just.

Respectfully submitted,

Dated:  May 28, 2019                          Joseph G. Butler, Chapter 7 Trustee,

By his attorneys,

/s/ David Koha
Michael J. Fencer (BBO No. 648228)
David Koha (BBO No. 679689)
CASNER & EDWARDS, LLP
303 Congress Street
Boston, Massachusetts 02210
(617) 426-5900
koha@casneredwards.com

2

**EXHIBIT 8**

## CERTIFICATE OF SERVICE

I, David Koha, hereby certify that on May 28, 2019 I caused a true and accurate copy of the foregoing document to be served upon those persons below who do not otherwise receive notice of electronic filing via first class mail, postage prepaid.

/s/ David Koha

Mr. Michael C. Baker
27 Wentworth Street
Westwood, Massachusetts 02029

60370./762084.1